IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF THE TREASURY, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:21-cv-393-D-BN |
| SEIZED FEDERAL SECURITIES, | § § § | |
| Defendant, | § § § | |
| DUANE L. BERRY, BOP Register No. 62250-019, | § § § | |
| Interested Party. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* action was filed by Duane L. Berry, a federal prisoner housed at Federal Medical Center Butner.

> Mr. Berry was indicted on charges of "perpetrating false information and hoaxes" in violation of 18 U.S.C. § 1038 in the Eastern District of Michigan. Order of Commitment to Att'y Gen. (Doc. No. 45) at 2, *United States v. Berry*, No. 2:15-cr-20743 (E.D. Mich. Aug. 30, 2016). That district court found that Mr. Berry suffered from a "mental disease" which made him unable to "assist properly in his defense" and ordered him committed to the custody of the Attorney General and hospitalized to determine whether he might attain capacity to permit further proceedings. *Id.* at 3-4.

*Berry v. Fox*, 704 F. App'x 789, 789 (10th Cir. 2017) (Kelly, J. ord.); *see also Berry*, No. 2:15-cr-20743, Dkt. No. 207 (E.D. Mich. Dec. 17, 2019) (dismissing the indictment and referring Berry for a civil commitment determination).

Berry initiated this civil forfeiture action in the name of a United States

agency, identifying himself as a Federal Trustee. *See generally* Dkt. No. 2. And Senior United States District Judge Sidney A. Fitzwater referred Berry's case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

It is apparent from the complaint that Berry is not authorized to proceed on behalf of the U.S. Department of the Treasury. And, while, under certain statutes, "[a] *qui tam* relator [may sue] on behalf of the government as an agent of the government, 'which is always the real party in interest,'" *Stalley ex rel. U.S. v. Catholic Health Initiatives*, 458 F. Supp. 2d 958, 962 (E.D. Ark. 2006) (quoting *U.S. ex rel. Rodgers v. Arkansas*, 154 F.3d 865, 868 (8th Cir. 1998)), Berry has identified no authority providing for an action on behalf of the United States.

Nor may Berry, as a nonlawyer, prosecute a qui tam *pro se*. *See U.S. ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017) ("[W]e are convinced beyond cavil that the district court got it right. As this is a matter of first impression in this court, we echo the holding of the district court that, regardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*.").

Berry therefore lacks standing to bring this suit. And the Court should dismiss it for lack of jurisdiction. *See, e.g.*, *Gohmert v. Pence*, ___ F. Supp. 3d ___, No. 6:20-cv-660-JDK, 2021 WL 17141, at *2 (E.D. Tex. Jan. 1, 2021) ("'[A]n essential and unchanging part of the case-or-controversy requirement of Article III' is that the

plaintiff has standing. The standing requirement is not subject to waiver and requires strict compliance." (citations omitted)), *aff'd*, 832 F. App'x 349 (5th Cir. 2021) (per curiam).

## Recommendation

The Court should dismiss this case for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE