IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES DEPARTMENT OF THE TREASURY, §§§§§<br><br>Plaintiff, §§<br><br>VS. §§ Civil Action No. 3:21-CV-0393-D<br><br>SEIZED FEDERAL ASSETS, §§§<br><br>Defendant. §§§<br><br>DUANE L. BERRY, §§<br>BOP Register No. 62250-019, §§§<br><br>Interested Party. § | |

MEMORANDUM OPINION
AND ORDER

Duane L. Berry ("Berry") moves for temporary restraining order ("TRO") and order to preserve and transfer seized federal securities to Congress. Concluding that it lacks subject matter jurisdiction, the court denies the motion.

I

Berry is a federal prisoner housed at FMC-Butner. He initiated this civil forfeiture action *pro se* in the name of a United States agency, identifying himself as a "Federal Trustee." On March 25, 2021 the court dismissed this case for lack of subject matter jurisdiction because Berry was not authorized to proceed on behalf of the United States Department of the Treasury. Berry appealed to the United States Court of Appeals for the Federal Circuit and the United States Court of Appeals for the Fifth Circuit, but each appeal

was dismissed for lack of prosecution. Thereafter, Berry asked that the Federal Circuit's order dismissing his appeal be stayed while he sought review by the Supreme Court of the United States.

Now, nearly two years after this notice, Berry has filed the instant motion for temporary restraining order and order to preserve and transfer seized federal securities to Congress. Berry maintains that nearly 20 pounds of documents belonging to him—and containing information under congressional investigation—have gone missing during his transfers between BOP facilities. He asks this court to issue a TRO prohibiting the destruction, alteration, loss, or unauthorized transfer of his documents and requiring that the defendants and any agents of the Bureau of Prisons or Department of Justice preserve the documents.

II

Berry has failed once again to establish that he has standing to bring this action, or that this court otherwise has subject matter jurisdiction. *See Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017) (noting that the court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*"). As previously explained, it is apparent from Berry's filings that he is not authorized to proceed on behalf of the United States Department of the Treasury. And although, under certain statutes, "[a] qui tam relator [may sue] on behalf of the government as an agent of the government, 'which is always the real party in interest,'" *Stalley ex rel. U.S. v. Catholic Health Initiatives*, 458 F.Supp.2d 958, 962 (E.D. Ark. 2006) (quoting U.*S. ex rel. Rodgers v. Arkansas*, 154 F.3d 865, 868 (8th Cir.

1998)), Berry has not identified any authority that provides for an action on behalf of the United States.

Nor may Berry, as a nonlawyer, prosecute a qui tam *pro se*. *See U.S. ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017) ("[W]e are convinced beyond cavil that the district court got it right. As this is a matter of first impression in this court, we echo the holding of the district court that, regardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se*.").

Berry therefore still lacks standing to bring this suit—thereby depriving this court of jurisdiction to consider his TRO. *See, e.g.*, *Gohmert v. Pence*, 510 F.Supp.3d 435, 439 (E.D. Tex. Jan. 1, 2021) ("'[A]n essential and unchanging part of the case-or-controversy requirement of Article III' is that the plaintiff has standing. The standing requirement is not subject to waiver and requires strict compliance.") (citations omitted) (modification in original), *aff'd*, 832 Fed. Appx. 349 (5th Cir. 2021).

Accordingly, the court denies Berry's motion for temporary restraining order and order to preserve and transfer seized federal securities to Congress for lack of subject matter jurisdiction.

**SO ORDERED**.

October 8, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE